UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TAKARA JACKSON                                             CIVIL ACTION NO.
On Behalf of Her Minor Child, TJ

VERSUS                                                     19-149-SDD-EWD

SID J. GAUTREAUX, III, ET AL.

## RULING AND ORDER

Before the Court is the Motion to Strike and Exclude Experts ("Motion"),[1] filed by Sheriff Sid Gautreaux, III, and Deputy Ronald Landry (collectively, "Defendants"), which seeks an order excluding from testifying at trial the two experts identified by Takara Jackson, on behalf of her minor child, TJ ("Plaintiff"), for failure to provide expert reports by the extended deadline.[2] Plaintiff opposes the Motion.[3] The Motion will be granted as a party's failure to provide the information required under Rule 26(a) results in that party "not [being] allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."[4] As Plaintiff has not established that her failure to timely provide expert reports was substantially justified or harmless, Plaintiff will be precluded from calling at trial her identified experts—John G. Peters, Jr. ("Peters") and W. Lloyd Grafton ("Grafton") (collectively, "Plaintiff's Experts").

**I.   BACKGROUND**

Plaintiff filed suit on behalf of her daughter, TJ, asserting several claims under 42 U.S.C. § 1983 and under Louisiana state law related to a March 14, 2018 officer involved shooting that

---

[1] R. Doc. 103.
[2] *See* R. Docs. 97, 100, 101, and 102.
[3] R. Doc. 106. On June 21, 2023, Plaintiff filed a Motion to Substitute Party, seeking to substitute Taniya Jackson (her child) as Plaintiff considering that Taniya Jackson has "reached the age of majority and wishes to pursue her claim in her o[w]n right." R. Doc. 107. That motion was denied for failing to comply with Local Civil Rule 7(e) and has not been refiled at the time of this Ruling. *See* R. Doc. 108.
[4] Fed. R. Civ. P. 37(c).

resulted in the death of TJ's father, Shermichael Ezeff.[5]

On March 29, 2022, the Court entered a Scheduling Order.[6] The original deadline for Plaintiff to disclose the identities and resumes of her experts was September 2, 2022, and the deadline for Plaintiff to submit her expert reports to Defendants was October 14, 2022.[7] The deadline to complete expert discovery was January 27, 2023.[8] The deadlines in the Scheduling Order relating to the parties' respective experts were extended multiple times,[9] including most recently from April 12, 2023 to April 24, 2023, on Plaintiff's motion.[10] In its April 20, 2023 Order extending Plaintiff's deadline to submit expert reports to April 24, 2023, the Court advised the parties as follows:

> No other deadlines in the Scheduling Order will be extended at this time based on the parties' statements in the conference and their desire to maintain the current deadline to file dispositive and Daubert motion and the current trial date. **If Plaintiff requests any additional extension of her April 24 deadline to provided expert reports, such a request must be accompanied by documentation of the expert's inability to comply with the deadline, as well as counsel's efforts to communicate with the expert about same.**[11]

On May 30, 2023, Defendants filed the Motion seeking an Order striking Plaintiff's Experts and precluding them from testifying at trial because Plaintiff "failed to produce expert reports in

---

[5] R. Doc. 1.
[6] R. Doc. 75.
[7] *Id*.
[8] *Id*.
[9] R. Doc. 80 (extending Plaintiff's expert report deadline to December 5, 2022, and the deadline to obtain discovery from experts to February 10, 2023, based on the parties' agreement); R. Doc. 86 (granting Defendants' Unopposed Motion for Extension of Deadlines (R. Doc. 85), based in part on Defendants' argument that Plaintiff failed to provide complete discovery documents until October 17, 2022 (or about 2 weeks after Court-ordered deadline), which delayed Defendants' ability to depose Plaintiff and her minor child, and extending the deadline for Plaintiff to submit her expert report to December 19, 2022); and R. Docs. 97, 98, 100, 101, & 102 (holding telephone conference to discuss Plaintiff's Motion for Extension (R. Doc. 97), seeking an additional 12-day extension of the deadline for Plaintiff to submit expert reports to Defendants, granting Plaintiff's motion, over Defendants' objection (R. Doc. 98), based on statements from Plaintiff's counsel that one of Plaintiff's experts "has been tied up in court and is unable to complete his report [by the current deadline]," and extending Plaintiff's deadline to submit expert reports to April 24, 2023").
[10] R. Doc. 100.
[11] R. Doc. 100, p. 2 (emphasis added).

2

compliance with the operative scheduling order."[12] Specifically, Defendants argue that despite several extensions, "Plaintiff has not produced any expert report" as of the filing of the Motion. Defendants contend that allowing Plaintiff's experts to testify at trial would prejudice them because they cannot "prepare their defense to any opinions offered by Plaintiff's expert(s) since no reports have been produced."

Plaintiff filed a Response in Opposition Defendant's Motion to Strike on June 20, 2023 ("Opposition").[13] Plaintiff explains that she "made a good faith effort securing the experts; however due to no fault of Plaintiff because of the experts' schedules they just could not provide a timely report."[14] Plaintiff also explains that because of her belief that "no more extensions would be granted" and for "economic purposes," she did not request a further extension of the expert report deadline, nor did she try to tender an out of time expert report because she did not want to incur the expenses of a report she will not be able to use at trial.[15] Further, Plaintiff contends that Defendants will not be prejudice if the Court permits Plaintiff's experts to give "limited testimony at the trial and/or be allowed an extension to amend the scheduling order since the trial is scheduled for January 22, 2024." Plaintiff argues that the Motion should be denied or, in the alternative, that "her expert be allowed to give limited testimony at the trial," or, in the further alternative, that Plaintiff "be allowed to amend the scheduling order."[16]

Defendants filed a Reply Memorandum in support of their Motion,[17] arguing that the four factors to be considered by the Court do not support a finding that Plaintiff's failure to timely

---

[12] R. Doc. 103.
[13] R. Doc. 106.
[14] *Id.* at p. 2.
[15] *Id.* (cleaned up).
[16] *Id.* at pp. 2-3.
[17] R. Doc. 109-3.

3

produce expert reports was "substantially justified or harmless," and, thus, that Rule 37(c) requires that Plaintiffs' experts be precluded from offering any testimony at trial.

## II. LAW AND ANALYSIS

### A. Legal Standard

Fed. R. Civ. P. 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. Relatedly, Rule 26(a)(2)(B) requires the disclosure of the expert's identity to be "accompanied by a report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case…" The expert's report must contain the following information:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony

A party's failure to provide the information required under Rule 26(a) will result in that party "not [being] allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."[18] To determine whether a failure to comply with Rule 26(a) is substantially justified or harmless, the Court considers four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4)

---

[18] Fed. R. Civ. P. 37(c).

the explanation, if any, for the party's failure to comply with the discovery order.[19] "The burden is on the party that did not comply with Rule 26 to show that the failure to comply was substantially justified or harmless."[20]

### B.  ANALYSIS

The parties do not dispute that Plaintiff identified Peters and Grafton as her experts as required under Rule 26.[21] Nor do they dispute that Plaintiff has not provided an expert report from either Peters or Grafton to date, much less by the extended deadline of April 24, 2023.[22] The only issue before the Court is whether Plaintiff has carried her burden of establishing that her failure to comply with Rule 26(a)(2) is substantially justified or harmless. Plaintiff has not.

None of the four factors to be considered by the Court in determining whether a parties' failure to comply with Rule 26(a)(2) is "substantially justified or harmless" under Rule 37(c) weigh in favor of a finding that Plaintiff's failure to comply with Rule 26 is substantially justified or harmless in this case. Regarding the first factor—the importance of the witness' testimony—the Court cannot determine the importance of either Peters' or Grafton's testimony because Plaintiff has not provided the Court with any information about their intended testimony or its importance. Since counsel knew before the April 24, deadline that Peters' report would not be completed timely, but counsel intentionally did not request a further extension of time from the Court, the

---

[19] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989), citing *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981).
[20] *See Avina v. JP Morgan Chase Bank, N.A.*, No. 08-1885, 2010 WL 518932, at *1 (S.D. Tex. Feb. 1, 2010), citing *Journet v. Vehicle VIN No. 1GRAA06283T500670,* No. 04–4730, 2006 WL 1663708, at *10 (S.D. Tex. June 15, 2006).
[21] R. Doc. 103-1, p. 1 ("Pursuant to the original scheduling order, the deadline for Plaintiff to disclose the identifies and resumes of experts was September 2, 2022. On the evening of September 1, 2022, counsel for Plaintiff timely produced the resumes of [Peters and Grafton].").
[22] R. Doc. 103-2 (Plaintiff's counsel acknowledging that Peters "could not have the report ready by Monday[, April 24, 2023,] due to his heavy schedule and needed [sic] a thirty day extension which I will not ask the court for.").

importance of Peters' testimony is questionable.[23] The same appears true for Grafton's report and testimony, as the only information provided by counsel is that Grafton "notified counsel earlier that he would be unable to timely provide a report due to illness and being overly extended."[24]

As to the second factor—prejudice to the opposing party—Plaintiff simply states that "Defendants' [sic] will not be prejudiced if Plaintiff expert [sic] give limited testimony at the trial and/ or be allowed an extension to amend the scheduling order since the trial is scheduled for January 22, 2024."[25] This conclusory statement is not sufficient. Despite multiple extensions, Plaintiff has not provided Defendants with expert reports for Peters or Grafton. Because of this, Defendants contend that they have been, and will be, prejudiced because they cannot prepare a defense to Plaintiff's Experts' opinions (whatever they may be), they cannot have their own experts address Plaintiff's Experts' opinions, and they could not depose Plaintiff's Experts about their opinions before knowing them and cannot depose the experts now because the time period to do so has expired. For these same reasons, Defendants will be prejudice if, as Plaintiff suggests, her experts are permitted to testify at trial, even in some limited (but undefined capacity). Plaintiff has made no effort to address these concerns.

Regarding the third factor—the possibility of curing any prejudice by granting a continuance—Plaintiff did not request a continuance for over 2 months after the expiration of the extended expert report deadline.[26] Even if she had, Defendants have indicated that they would oppose such a motion because it would "further delay resolution of this matter and upset the trial date" and there is no guarantee that a continuance would "deter future dilatory behavior, nor serve

---

[23] *See* R. Doc. 103-2. *See also* R. Doc. 106 (noting that Peters advised on April 21, 2023 that "he would not be able to meet the deadline date.").
[24] *Id.*
[25] R. Doc. 106, p. 2.
[26] Plaintiff's Opposition alternatively asks to be allowed to amend the scheduling order, but the brief does not address the standard for amendment. R. Doc. 106, p. 3.

to enforce local rules or court imposed scheduling orders."[27] While the Fifth Circuit has noted that "continuances are the preferred means of dealing with untimely expert reports," it is also true that continuances are the "exception," and that the Court is "not required to grant a continuance at such a late date in litigation."[28] Review of the procedural history of this case, which shows that it has been plagued with untimely filings, discovery motions, and numerous extensions (often after a request made on the eve of an expiring deadline), makes clear that a continuance will only serve to exacerbate—not cure—the prejudice to Defendants and would further delay the resolution of this matter.[29]

---

[27] R. Doc. 109-3, p. 3 (citations omitted).

[28] *AIG Europe, Ltd. v. Caterpillar, Inc.*, 831 Fed. Appx. 111, 116 (5th Cir. 2022) (internal quotations and citations omitted).

[29] Because of the seriousness of denying Plaintiff the opportunity to present expert witness testimony at trial, particularly when the true party in interest, previously a minor, has not even been substituted into the case yet, a review of the relevant procedural history is warranted. *See, e.g.*, R. Doc. 23 (granting Defendants' Motion to Stay Discovery based, in part, on Plaintiff's failure to timely oppose the motion); R. Doc. 26 (noting that Plaintiff had not timely opposed one of the original defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) despite "far more than twenty-one (21) days [elapsing] since the filing of the motion, granting the motion, and dismissing Plaintiff claims against this original defendant); R. Doc. 34 (granting Defendants' Motion to Strike Plaintiff's untimely opposition to their Motion to Dismiss); R. Doc. 35 (denying Plaintiff's Motion for Reconsideration of the Court's ruling on the original defendant's motion because Plaintiff's "submission is both substantively and procedurally deficient" because "counsel for Plaintiff fail[ed] to explain her untimeliness," statements made in filing suggested that "counsel for the Plaintiff did not fully read [original defendant's] motion," and Plaintiff's counsel "failed to submit an opposing memorandum [as ordered] with her response"); R. Doc. 36 (noting that Plaintiff "failed to timely oppose" Defendants' Motion to Dismiss, granting the motion, and dismissing Plaintiff's claims against Defendants but allowing Plaintiff fourteen (14) days to file a response to the Ruling); R. Doc. 38 (considering Plaintiff's response to the Ruling on Defendant's Motion to Dismiss and granting Plaintiff thirty (30) days to file an Amended Complaint against Defendant); R. Doc. 76 (Defendants' Motion to Compel Discovery Responses from Plaintiff due to Plaintiff's failure to respond to same within the delays provided by law); R. Docs. 80, 81, & 82 (holding telephone conference to discuss Defendants' Motion to Compel and certain deadlines in the Scheduling Order, terminating Defendants' motion but ordering Plaintiff to provide complete discovery responses by September 29, 2022, and granting the parties' request to extend the deadlines to complete fact discovery, exchange expert reports, conduct expert discovery, and file dispositive/Daubert motions); R. Doc. 86 (granting Defendants' Unopposed Motion for Extension of Deadlines (R. Doc. 85), based in part on Defendants' argument that Plaintiff failed to provide complete discovery documents until October 17, 2022 (or about 2 weeks after Court-ordered deadline), which delayed Defendants' ability to depose Plaintiff and her minor child, and extending the deadline for Plaintiff to submit her expert report to December 19, 2022); R. Doc. 87, 89, & 90 (holding telephone conference to discuss Defendants' Motion to Compel the deposition of Plaintiff and her minor child and whether the parties could realistically meet the upcoming deadlines in the current Scheduling Order, terminating Defendants' motion but ordering Plaintiff to provide Defendants with acceptable dates to depose Plaintiff and her minor child by no later than 5:00 p.m. on Friday, December 9, 2022, and ordering the parties to confer and, if necessary, file a joint motion to extend certain deadlines in the current Scheduling Order); R. Doc. 94 (granting Defendants' Unopposed Motion to Extend Discovery Deadline and Modify Scheduling Order (R. Doc. 93), and extending, among other deadlines, Plaintiff's deadline to submit her expert reports to April 12, 2023,

As to the fourth factor—the explanation given for the party's failure to comply—Plaintiff has given the Court little to consider. Beyond the bare statements that "Plaintiff made a good faith effort securing experts" and that the failure to comply with Rule 26(a)(2) is not her "fault," the limited information provided suggests only that Plaintiffs' Experts' schedules prevented them from timely providing reports.[30] Before the most recent extension of Plaintiff's deadline to provide expert reports, Plaintiff says that Peters "advised" Plaintiff's counsel "to request an extension" because "he was unable to meet the deadline given a case he was involved in did not settle as he believed but went to trial setting him back with his docket,"[31] however, Plaintiff provides no information as to why Peters could not complete his report by the extended April 24 deadline that she requested. Rather, Plaintiff simply states that on "Friday April 21, 2023, Dr. Peters advised that he would not be able to meet the deadline date."[32] Similarly, the only information about Grafton is that he "notified counsel earlier that he would be unable to timely provide a report due to illness and being overly extended."[33] The Court cannot tell whether Grafton advised Plaintiff of this before or after her deadline was extended, at her request, to give her experts additional time to complete their reports. Regardless, the minutes from the April 20 telephone conference make clear that Plaintiff could seek an additional extension but to do so she would have to attach "documentation of the expert's inability to comply with the deadline, as well as counsel's efforts to communicate with the expert about same."[34] Plaintiff's opposition to the Motion does not

---

and the deadline to complete all expert discovery to May 31, 2023); and R. Docs. 97, 98, 100, 101, & 102 (holding telephone conference to discuss Plaintiff's Motion for Extension (R. Doc. 97), seeking an additional 12-day extension of the deadline for her to submit Plaintiff's Experts' reports to Defendants, granting Plaintiff's motion, over Defendants' objection (R. Doc. 98), based on statements from Plaintiff's counsel that one of Plaintiff's experts "has been tied up in court and is unable to complete his report [by the current deadline]," and extending Plaintiff's deadline to submit expert report to April 24, 2023").

[30] R. Doc. 106, p. 2.
[31] R. Doc. 106, p. 2.
[32] *Id*.
[33] *Id*.
[34] R. Doc. 100, p. 2.

provide that information, nor any detailed information as to why she was unable to timely provide expert reports by the extended deadline.

Plaintiff has failed to carry her burden of showing that her failure to timely provide the expert reports required under Rule 26(a)(2) is substantially justified or harmless.

Accordingly,

**IT IS ORDERED** that the Motion to Strike and Exclude Experts,[35] filed by Defendants Sheriff Sid Gautreaux, III, and Deputy Ronald Landry, is **GRANTED**. Pursuant to Fed. R. Civ. P. 37(c), Plaintiff's experts, John G. Peters, Jr., and W. Lloyd Grafton, are **STRICKEN** and Plaintiff is **PRECLUDED** from calling these witnesses to testify at the trial of the matter, set to begin on January 22, 2024.

Signed in Baton Rouge, Louisiana, on June 26, 2023.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] R. Doc. 103.